IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| FRED WILLIAM JARVIS, JR., | ) |
| Plaintiff, | ) CASE NO. 1:12-0053 |
| | ) Chief Judge Haynes |
| v. | ) |
| HICKMAN COUNTY JAIL MEDICAL STAFF, and TONI CLOUD, | ) |
| Defendants. | ) |

# ORDER

Plaintiff, Fred William Jarvis, Jr., filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Hickman County Jail medical staff and Toni D. Cloud. Plaintiff alleges that he was not provided medical treatment and medications for mental health issues, leg and hip pain for which he had prescriptions.

According to his complaint, Plaintiff was incarcerated in the Hickman County jail beginning on January 20, 2012. During his initial medical examination, Plaintiff informed the correctional officer that he had high blood pressure, high cholesterol, hepatitis C, a fracture of his lower spine, a steel rod in his right femur and screws in his right hip and knee. Plaintiff also stated that he is a mental health patient and that he is taking mental health medications, including 50 mg of Elavil[1] twice a day and 50 mg of Prozac[2] once in the morning. Plaintiff met with Nurse Toni Cloud on January 22, 2012 and provided her the same information. Nurse Toni Cloud

---

[1] Elavil is in a group of drugs called tricyclic antidepressants. Elavil is used to treat symptoms of depression. http:/www.drugs.com/elavil.html

[2] Prozac is used to treat depression. http:/www.drugs.com/prozac.html

1

allegedly told Plaintiff that she would send for his medical records.

In mid-February, Plaintiff sent a note to the medical department through the kiosk system in the jail asking about the status of his medications. Hearing no response, Plaintiff sent another note on March 5, 2012 asking to be seen by a nurse and to be allowed a bottom bunk because of his pain and discomfort from climbing onto a top bunk. Sometime later, Correctional Officer Jamie Bragg responded to Plaintiff's notes that the nurse was still waiting on medical records. On April 3, 2012, Plaintiff filed a grievance to Lt. Johnson and Captain Freeman stating that "he would like to know why he was being denied medical treatment," to which Lt. Johnson and/or Captain Freeman responded "They will look into it." Five days later, "someone responded that [Plaintiff] was not being denied medical treatment."

Before the Court is the Defendants' motion to dismiss (Docket Entry No. 28) contending that Plaintiff's complaint fails to state a claim.

As to Defendant Hickman County jail medical staff, a "person" subject to liability under Section 1983 must be a "bodies politic." Monell v. Department of Social Services, 436 U.S. 658, 688-90 (1978). Jails and medical departments are not persons who can be sued in § 1983 actions. Cage v. Kent County Correctional Facility, 1997 WL 225647, at **1 (6th Cir. May 1, 1997) (jail is not a suable entity); Pianga v. Williamson County Jail, 3:05-0498, 2006 WL 618912 (M.D. Tenn. Mar. 10, 2006) (same). Thus, the Defendant Hickman County Jail's motion to dismiss (Docket Entry No. 28) is **GRANTED**.

As to the Defendant Toni Cloud, Plaintiff's factual allegations of repeated denials or delays of his prescribed medications for his several medical conditions for several months causing Plaintiff to suffer pain, states a viable Section 1983 under the Eighth or Fourteenth

2

Amendment. <u>Hines v. Wilkerson</u>, 34 F.3d 1068, 1994 WL 419569 (6th Cir. Aug. 10, 1994).

Thus, the Defendant Toni Cloud's motion to dismiss (Docket Entry No. 28) is **DENIED**.

It is so **ORDERED**.

**ENTERED** this the ___ day of March, 2013.

                                      WILLIAM J. HAYNES, JR.
                                      Chief Judge
                                      United States District Court