IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| FRED WILLIAM JARVIS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>HICKMAN COUNTY JAIL MEDICAL STAFF and TONI D. CLOUD,<br><br>Defendants. | Case No. 1:12-0053<br>Chief Judge Haynes |

**MEMORANDUM**

Plaintiff, Fred William Jarvis, Jr., filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Hickman County Jail medical staff and Toni D. Cloud. Plaintiff asserts claims that the Defendants did not provide medical treatment and medications for his mental health issues, and medication for his leg and hip pain for which he had prescriptions. After a review of his complaint, the Court ordered the Defendants to file a response. In earlier proceedings, the Court granted the Defendant Hickman County Jail's motion to dismiss (Docket Entry No. 45).

Before the Court is Defendant Cloud's motion for summary judgment (Docket Entry No. 76) to which Plaintiff filed a response (Docket Entry No. 83) and Defendant Cloud filed a reply (Docket Entry No. 87).

For the reasons set forth below, the Court concludes that Plaintiff lacks the proof to grant a judgment on his claims.

1

## A. Findings of Fact[1]

According to his complaint, from January 20, 2012 to January 26, 2012, Plaintiff was in isolation at the Hickman County Jail and did not receive any medical attention. Yet, on January 21, 2012, Defendant Cloud came to the Hickman County Jail on her day off to provide Plaintiff with medical treatment and attention. (Docket Entry No. 76-2, Decl. of Def., at ¶ 6). Plaintiff asserts that while he was in isolation, he had "to suffer" for lack of any clothes except a "suicide gown." (Docket Entry No. 83, Pl.'s Response, at 2). Plaintiff was placed in an observation cell and given a "suicide prevention gown."[2] Defendant Cloud responded to every sick call request she received, and was unaware of Plaintiff's request to see her on January 25, 2012 or in February 2012. (Docket Entry No. 78, Def.'s Statement of Undisputed Material Facts, at ¶¶ 22-24, 28-30).

Plaintiff alleges that it "took him from January 20, 2012 until May 2, 2012" to "get back on" blood pressure and prostate medications (Docket Entry No. 83, Pl.'s Response, at 5). But at his deposition, Plaintiff admitted that he was not taking blood pressure or cholesterol medicine when he became incarcerated at the Hickman County Jail in January 2012, despite having prescriptions for those medications. (Docket Entry No. 76-1, Pl.'s Dep., at 238-39). Plaintiff also admitted that

---

[1] Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes. Thus, this section constitutes finding of facts under Fed. R. Civ. P. 56.

[2] Although Plaintiff asserts that his May 23, 2012 grievance about his lack of medical care is missing (Docket Entry No. 83, Pl.'s Response, at 3), his May 23rd grievance report is Exhibit 16 to his deposition. (Docket Entry No. 76-1, Pl.'s Dep, at 111).

before April 29, 2012, he never told Defendant Cloud of his prostate problems. (Docket Entry No. 78, Def.'s Statement of Undisputed Material Facts, at ¶ 67). After Plaintiff informed the Defendant on April 30, 2012 and May 2, 2012, Plaintiff received medical treatment and antibiotics for his prostate. Id. at ¶¶ 40-49.

Plaintiff alleges that he had untreated knee swelling and pain as a result of a denial of his request to be moved to a bottom bunk. (Docket Entry No. 83, Pl.'s Response, at 4-5). Yet, neither the guards who saw Plaintiff every day nor Defendant observed Plaintiff having difficulty walking or ambulating at any point. (Docket Entry No. 78, Def.'s Statement of Undisputed Material Facts, at ¶ 34-35).

Plaintiff cites statements of unidentified individuals who purportedly told him that his liver was damaged. (Docket Entry No. 83, Pl.'s Response, at 6). Plaintiff also cites an unidentified nurse at Northeast Correctional Facility told him who allegedly stated that his "blood pressure check should have been ordered by the nurse who did the check up on me." Id. In any event, Defendant Cloud checked Plaintiff's blood pressure several times, including on January 21, 2012, April 30, 2012 and May 23, 2012.[3] (Docket Entry No. 78, Defendant's Statement of Undisputed Material Facts ¶¶ 15, 41 and 51).

## B. Conclusions of Law

---

[3] Plaintiff's hearsay statement that someone told him his liver had been damaged does not show that Defendant damaged his liver. It is important to note that Plaintiff was incarcerated at a minimum of three other prisons or jails from the time he was booked at Hickman County to the time he was incarcerated at Northeast Correctional Facility. Plaintiff was first transferred to Maury County jail (Docket Entry No. 78, Def.'s Statement of Undisputed Material Facts, at ¶ 55), then transferred to the Dickson County jail (Docket Entry No. 6), then transferred to the Bledsoe County jail (Docket Entry Nos. 74-75), before arriving at the Northeast Correctional Facility (Docket Entry No. 79).

"The very reason of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed. 1989). Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment <u>sua sponte</u>, so long as the opposing party was on notice that she had to come forward with all of her evidence." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326 (1986). Accord <u>Routman v. Automatic Data Processing, Inc.</u>, 873 F.2d 970, 971 (6th Cir. 1989).

In <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.
>
> <u>As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.</u> Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a material fact for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita Electrical Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted).

A motion for summary judgment is to be considered after adequate time for discovery.

4

Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. Emmons v. McLaughlin, 874 F.2d 351, 355-57 (6th Cir. 1989). But see Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

There is a certain framework in considering a summary judgment motion as to the required showing of the respective parties as described by the Court in Celotex

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

Celotex, 477 U.S. at 323 (emphasis deleted).

As the Court of Appeals explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." Martin v. Kelley, 803 F.2d 236, 239, n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991)(quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of 'demonstrating the absence of a genuine issue of material fact,' the nonmoving party then 'must set forth specific facts showing that there is a genuine issue for trial.'" Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989) (quoting Celotex and Rule 56(e)).

Once the moving party meets its initial burden, the Court of Appeals warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion [and]. . . must

'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'"

Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)(quoting Liberty Lobby).

Moreover, the Court of Appeals explained that

> The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.'

Street, 886 F.2d at 1480 (citations omitted). See also Hutt v. Gibson Fiber Glass Products, No. 89-5731 (6th Cir. Sept. 19, 1990) ("A court deciding a motion for summary judgment must determine 'whether the evidence presents a sufficient disagreement to require a submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." quoting Liberty Lobby)).

If both parties make their respective showings, the Court then determines if the material factual dispute is genuine, applying the governing law.

> More important for present purposes, <u>summary judgment will not lie if the dispute about a material fact is 'genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party</u>.
>
> * * *
>
> Progressing to the specific issue in this case, we are convinced that <u>the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits</u>. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, <u>the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented</u>. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. <u>The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- 'whether there is [evidence] upon</u>

<u>which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.</u>'

Liberty Lobby, 477 U.S. at 248, 252, 106 S. Ct. 2505, 91 L.Ed.2d at 211-212, 214 (citation omitted and emphasis added).

It is likewise true that

> [I]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. It has been stated that: `The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

<u>Bohn Aluminum & Brass Corp. v. Storm King Corp.</u>, 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Court of Appeals stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." <u>Duchon v. Cajon Company</u>, 791 F.2d. 43, 46 (6th Cir. 1986) <u>app.</u> 840 F.2d 16 (6th Cir. 1988) (unpublished opinion) (citation omitted).

The Court of Appeals further explained the District Court's role in evaluating the proof on a summary judgment motion:

> A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient to establishing a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of." <u>Webster's Third New InterNational Dictionary</u> (1986).
>
> Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced against a party's need to be fairly apprised of how much specificity the district court requires.

7

> This notice can be adequately accomplished through a local court rule or a pretrial order.

InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). In this district, the parties must provide specific references to the proof upon which they rely. See Local Rule 56.01(c) requiring each party to provide a statement of undisputed facts to which the opposing party must respond.

In Street, the Court of Appeals discussed the trilogy of leading Supreme Court decisions, and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions

> 1. Complex cases are not necessarily inappropriate for summary judgment.
>
> 2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.
>
> 3. The movant must meet the initial burden of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.
>
> 4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.
>
> 5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law.'
>
> 6. As on federal directed verdict motions, the 'scintilla rule' applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.
>
> 7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.
>
> 8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order

to defeat a properly supported motion for summary judgment.'

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the 'old era' in evaluating the respondent's evidence. The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, `[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.

Street, 886 F.2d at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) has the moving party "clearly and convincingly" established the absence of material facts?; (2) if so, does the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense?; (3) if factual support is presented by the nonmoving party, are those facts sufficiently plausible to support a jury verdict or judgment under the applicable law?; and (4) are there any genuine factual issues with respect to those material facts under the governing law?

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that the Eighth Amendment provide inmates with a right to medical care for their serious medical condition to which prison officials cannot be deliberately indifferent. But mere medical malpractice does not rise to the level of deliberate indifference. Id.

A challenge to the adequacy of medical treatment, however, does not give rise to a constitutional violation for cruel and unusual punishment. See Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments

9

and to constitutionalize claims which should in state court law."). Under Estelle, allegations of negligence or medical malpractice do not "suffice" to prove deliberate indifference. Broyles v. Corr. Med. Servs., Inc., 478 F.App'x 971, 975 (6th Cir.2012) ("Consequently, allegations of medical malpractice or negligent diagnosis and treatment generally fail to state an Eighth Amendment claim of cruel and unusual punishment.").

Here, the proof reflects that the Defendant provided medical care to Plaintiff where she was aware of his medical needs. Given the treatment provided by the Defendant and Plaintiff's admission that he did not take his prescribed medications prior to his confinement at the Jail, the Court concludes that Plaintiff was not injured. As to injury, Plaintiff also lacks "verifying medical evidence . . . to establish the detrimental effect of the delay in medical treatment to succeed," Napier v. Madison Cnty., Ky., 238 F.2d 739, 742 (6th Cir. 2001), for both the alleged failure to provide medication and for the denial of transfer to a lower bunk bed. As to the alleged statements of others, Plaintiff must submit admissible evidence to defeat a motion for summary judgment. Southerland v. Mich. Dep't of Treasury, 344 F.3d 603, 620 (6th Cir. 2003) (reaffirming that hearsay cannot be considered on a motion for summary judgment). See also Fed. R. Evid. 801(c).

For these reasons, the Court concludes that the Defendant's motion for summary judgment should be granted.

An appropriate Order is filed herewith.

ENTERED this the 27th day of May, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court